NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALBERTO RIVAS, JR., *Appellant.*

No. 1 CA-CR 22-0259
FILED 3-2-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-137557-001
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

———————————————

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

———————————————

**B A I L E Y**, Judge:

¶1	This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Alberto Rivas, Jr. filed a brief advising this court that, after searching the entire record, he was unable to discover any arguable question of law and requesting that this court conduct an *Anders* review of the record.  Rivas was given the opportunity to file a supplemental brief *pro per*.  Although he did not do so, he raised three issues through counsel that we address.  For the following reasons, we affirm Rivas's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2	On October 6, 2020, the State charged Rivas with aggravated assault, a class three dangerous felony and a domestic violence offense.  For sentencing purposes, the State also alleged Rivas had five historical prior felony convictions and other non-historical prior felony convictions.

¶3	Before trial, Rivas's counsel raised concerns as to Rivas's competency to stand trial.  Pursuant to Rule 11, Ariz. R. Crim. P., the superior court ordered Rivas to be evaluated.  After reviewing the results of two medical evaluations, the court found that Rivas understood the nature of the proceedings and the charges brought against him and was thus competent to stand trial.

¶4	The State presented the following evidence at Rivas's three-day jury trial: One day in October 2020, the victim returned home in Glendale from work and stepped out of his truck.  Rivas approached the victim, and the two began to argue about money.  When the victim told Rivas that he would not give Rivas any money, Rivas threatened to kill him and picked up a kitchen knife.  After telling Rivas to put the knife down, the victim reentered his truck.  Rivas then grabbed a saw, threatened to kill the victim again, and struck the truck window several times with the saw.  The victim then drove his truck down the street to a neighbor's house.  The

victim told the neighbor that Rivas wanted to hurt him and asked the neighbor to call 911. Police officers soon arrived and arrested Rivas.

¶5            The jury found Rivas guilty as charged of one count of aggravated assault with a dangerous instrument and determined the domestic violence allegation proven. After finding that Rivas had at least two non-dangerous prior felony convictions, the trial court sentenced him to a minimum ten-year prison term, with 610 days of presentence incarceration credit. Rivas filed a timely notice of appeal. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031 and -4033(A).

## DISCUSSION

¶6            In his supplemental brief, Rivas raised three issues through counsel. First, he asserts the jurors were "being offered payment through a commissary fund." The record does not reveal any evidence of improper payments made to the jury. Jurors lawfully receive nominal compensation for their service, *see* A.R.S. § 21-221, they are not paid based on their verdict or any other result, *see* A.R.S. § 13-2808, and the record does not reveal any evidence of jury tampering or misconduct. Rivas has shown no error.

¶7            Second, Rivas claims that the person identified as the victim at trial "was someone from a television news show." Rivas appears to claim that the prosecution's testifying victim was someone other than the actual victim. However, no record evidence supports this claim. At trial, the testifying victim identified himself by name and Rivas neither objected nor made any effort to develop this issue on cross-examination. Rivas has shown no error, much less reversible error.

¶8            Third, Rivas argues insufficient evidence supported his conviction. In addressing a sufficiency of the evidence argument, we do not reweigh the evidence or assess witness credibility. *See State v. Clark*, 249 Ariz. 528, 534, ¶ 21 (2020) (citation omitted). Instead, we determine whether substantial evidence supports the verdict, *see id.*, while viewing the evidence in the light most favorable to affirming, *id.* at 531, ¶ 3 (citation omitted). The record reflects substantial evidence to support the verdict, as summarized above.

¶9            We have searched the entire record for reversible error and find none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (1999). Rivas was represented by counsel at all stages of the proceedings, and counsel was present at all critical stages. All proceedings were conducted in compliance

with the Arizona Rules of Criminal Procedure and Rivas's constitutional and statutory rights. The superior court permitted Rivas to speak at sentencing and imposed a sentence within the statutory limits, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶10** For all the reasons stated above, we affirm Rivas's conviction and sentence. Upon filing of this decision, defense counsel is instructed to inform Rivas of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Rivas will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA